IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANQUIN ST. JUNIOUS,

     Petitioner,         ORDER

  v.               19-cv-1003-wmc

SUSAN NOVAK, Warden,
Columbia Correctional Institution,

     Respondent.

---

  Anquin St. Junious has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from his 2012 conviction in LaCrosse County Circuit Court for second-degree reckless endangerment. The petition is before the court for preliminary screening under Rule 4 of the Rules Governing Section 2254 Cases, which authorizes a district court to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." At screening, the court also looks to see whether the petitioner exhausted his state court remedies and whether the petition is timely.

  According to the petition and state court records available electronically, petitioner entered a plea on September 20, 2012 pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970). *See* Wisconsin Circuit Court Access, wcca.wicourts.gov (La Crosse County Case No. 2012CF0005). He was convicted on December 7, 2012, and sentenced to a bifurcated sentence of 10 years, consisting of 5 years' initial confinement and 5 years' extended supervision. Although petitioner filed a notice of intent to seek postconviction relief and obtained a number of extensions of the time in which to file a postconviction motion or

notice of appeal, petitioner ultimately filed neither, meaning that his state court conviction became final on or about September 2013. Petitioner earned early release from prison and was released on or about February 22, 2016. However, his term of extended supervision was revoked on August 29, 2019. He filed the instant habeas petition in December 2019.

As grounds for relief, petitioner asserts: (1) "breach of plea agreement"; (2) "due process violations"; and (3) ineffective assistance of appellate counsel. More specifically, petitioner asserts that one of his conditions before entering the plea agreement was that the victim agree to it in writing. Petitioner further asserts that although the prosecutor told petitioner that the victim had so agreed, the prosecutor was lying and had actually forged the victim's signature. Petitioner says he told his appellate lawyer about this, but she said it was frivolous and did not file an appeal.

28 U.S.C. § 2244(d)(1) imposes a one-year statute of limitations on applications for a writ of habeas corpus brought by a person in custody pursuant to the judgment of a state court. The limitation period runs from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C.A. § 2244(d)(1). Petitioner filed his petition well over a year after his conviction became final, so it appears on

2

its face to be untimely under § 2244(d)(1)(A). Petitioner does not suggest that any state-created impediment prevented him from filing his petition sooner, he does not seek relief based on any newly-recognized constitutional right, and he acknowledges that he knew of the factual basis of his claim at the time he was convicted; therefore, none of the statutory tolling provisions of subsections (B) through (D) seem to apply here.

The upshot is that the petition appears to be untimely unless petitioner can show that his is one of the rare cases in which equitable tolling of the limitations period is warranted. *Mayberry v. Dittmann*, 904 F.3d 525, 529 (7th Cir. 2018) ("Equitable tolling of AEDPA's one-year limitations period is an extraordinary remedy that is 'rarely granted.'") (quoting *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016)). To qualify, petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*.

So far as it appears from the petition, petitioner will not be able to satisfy the high bar for equitable tolling. Petitioner asserts that he just learned recently that the remedy of federal habeas corpus was available to him. However, it is well-settled that lack of legal expertise is not a basis for tolling the federal limitations period. *See, e.g., Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008); *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006). In addition, it is hard to imagine how petitioner could show that he has been pursuing his rights diligently when it appears he did nothing about his claims until his extended supervision was revoked. However, it would be inappropriate to dismiss the petition without first providing petitioner the opportunity to demonstrate that the petition is timely. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (before dismissing petition as untimely *sua sponte*, court should give petitioner notice and opportunity to respond). Accordingly,

ORDER

IT IS ORDERED that, not later than April 3, 2020, petitioner shall submit a brief response to this order explaining either why the petition is timely under 28 U.S.C. § 2244(d), or why his untimeliness should be excused under the doctrine of equitable tolling.

Entered this 16th day of March, 2020.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge