IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANQUIN ST. JUNIOUS,

                Petitioner,                  OPINION AND ORDER

   v.

                                                19-cv-1003-wmc

SUSAN NOVAK, Warden,
Columbia Correctional Institution,

                Respondent.

---

      AnQuin St. Junious, an inmate at the Columbia Correctional Institution, has petitioned the court for a writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner seeks relief from his 2012 conviction in the Circuit Court for LaCrosse County, Wisconsin, for second-degree reckless endangerment on the grounds that the prosecutor breached the plea agreement by forging the victim's signature and falsely stating that the victim had consented to the terms of the agreement.  (Dkt. #1.)  For the reasons that follow, the petition will be dismissed with prejudice.

BACKGROUND

      According to petitioner, he told the prosecutor that he would not enter into the plea agreement unless the victim agreed to it in writing, which the prosecutor represented the victim had done.  Petitioner avers that he subsequently agreed to enter a no contest plea to the charge in exchange for the prosecutor's agreement to recommend that petitioner serve two years' confinement followed by five years' extended supervision.  However, the court did not follow the parties' recommendation and instead sentenced petitioner to a

term of five years' confinement, followed by five years' extended supervision. Petitioner further asserts that he later read his Presentence Investigation Report and learned that the victim *had not* agreed to the terms of the agreement; instead the victim told the PSI writer that he wanted petitioner to serve five years in prison instead of the agreed-upon two years.

On March 16, 2020, Magistrate Judge Stephen Crocker screened the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases and found that the petition appeared to be untimely. The magistrate judge further directed petitioner to file a response showing either (1) that the petition was timely under 28 U.S.C. § 2244(d) or (2) why his untimeliness should be excused under the doctrine of equitable tolling. (Dkt. #2.) While petitioner has filed a response to this order (dkt. #3), the court now concludes that the petition must be dismissed as untimely for the reasons that follow.

OPINION

As an initial matter, petitioner does not dispute that he filed his petition roughly six years after his conviction became final, just as the magistrate judge found. Thus, the petition is untimely unless petitioner can show that the deadline should be extended for equitable reasons. To do this, he must establish two elements: (1) that he has been pursuing his rights diligently; *and* (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Here, petitioner seeks to explain his delay based on: (1) the erroneous advice of his appellate lawyer that his claim of a prosecutorial breach of the plea agreement was frivolous and not grounds for appeal; and (2) an unspecified liver condition, which prevented him

2

from attempting to seek relief. Unfortunately for petitioner, neither of these excuses is even remotely sufficient to warrant equitable tolling of the limitations period. With respect to the advice of petitioner's appellate lawyer, petitioner implicitly accepted it, insofar as no appeal was ever filed and petitioner makes no claim that his lawyer closed his file over his objection. Accordingly, having agreed not to pursue an appeal, petitioner has no basis to claim that his lawyer's alleged negligence "stood in his way" and prevented him from pursuing that claim. Moreover, even if credited, petitioner offers *no* explanation for his waiting so long to raise the issue based on his appellate lawyer's alleged ineffectiveness, other than suffering from an unknown liver condition. As for his asserted liver condition, petitioner asserts that it caused him depression and suicidal thoughts, yet acknowledges that this condition did not prevent him from "writing complaints" for being denied treatment for his liver condition. (Dkt. #3, at 2.)

In fairness, petitioner does suggest that he was so busy seeking treatment for his liver condition that he simply lacked the time and energy to pursue his separate claim that he is in custody in violation of his constitutional rights. Even crediting this explanation, however, the decision to focus his energy on his health concerns rather than pursue habeas relief was a matter firmly within petitioner's control. Because petitioner has failed to demonstrate that he has been pursuing his rights diligently or that some extraordinary circumstance prevented him from timely filing a petition, he is not entitled to equitable tolling of the limitations period and his petition is time-barred.

ORDER

IT IS ORDERED that AnQuin St. Junious's petition for a writ of habeas corpus is DISMISSED WITH PREJUDICE on the ground that it is untimely.  Further, because reasonable jurists would not debate this conclusion, no certificate of appealability shall issue.

Entered this 16th day of April, 2020.

BY THE COURT:

/S/

_____
WILLIAM M. CONLEY
District Judge